UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2200** |
| **MAGNOLIA COMMUNITY SERVICES INC., ET AL** | **SECTION "B"(5)** |

## ORDER AND REASONS

Before the Court are plaintiff's Complaint (Rec. Doc. 1-1), defendant's motion to dismiss (Rec. Doc. 9), plaintiff's Amended Complaint (Rec. Doc. 18), defendant's motion to dismiss plaintiff's Amended Complaint (Rec. Doc. 21), plaintiff's second amended complaint (Rec. Doc. 26), and defendant's supplemental memorandum (Rec. Doc. 29). For the following reasons,

**IT IS ORDERED** that defendant's motion to dismiss (Rec. Doc. 9) is **DENIED**, retaining plaintiff's claims for hostile work environment, disparate treatment, wrongful termination, retaliatory discharge, and interference under the Family Medical Leave Act ("FMLA").

**IT IS FURTHER ORDERED** that defendant's motion to dismiss plaintiff's Amended Complaint (Rec. Doc. 21) is **DISMISSED as moot.**

### I. FACTS AND PROCEDURAL HISTORY

This lawsuit arises from Magnolia Community Services' ("Magnolia" or "Defendant") alleged wrongful termination of Angela Williams ("Williams" or "Plaintiff") because of her race and sex. Rec. Doc. 26 (Second Amended Complaint). Williams, a fifty-eight-

1

year-old African American woman, began working at Magnolia on or about September 18, 2013. *Id.* Between that date and April 16, 2021, when she was allegedly wrongfully terminated, plaintiff worked as a direct service personnel worker and/or a staff worker. *Id.*

During her employment at Magnolia, plaintiff asserts that she was subjected to disparate treatment, a hostile work environment, racial and sexual harassment, and retaliation. *Id.* According to plaintiff, all the above-alleged treatment was due to her status as an African American, a woman, and a person over the age of forty. *Id.* Williams alleges she suffered disparate treatment from defendant when it utilized certain "employment practices" which disproportionately impacted her ability to succeed as an employee. Rec. Doc. 26. Specifically, she asserts she suffered disparate treatment at the hands of defendant's employees Ricky Hebert, Donna Lowey, and Jennifer Hebert. *Id.* She claims that she was highly scrutinized on a regular basis because of her race. *Id.* Additionally, plaintiff presents that Magnolia did not allow her to take breaks like similarly situated Caucasian co-workers because of her race. *Id.*

Williams also alleges that she was subjected to a hostile work environment on numerous occasions when she was frequently called the "n-word" by her fellow co-workers. *Id.* The atmosphere at Magnolia allegedly became even more aggressive and discriminatory when plaintiff was informed that she was not allowed

to use the workplace restroom because of her race. Rec. Doc. 26. Williams claims she felt humiliated on several occasions when she was forced to use the bathroom on herself because she was denied access to a restroom or a break to relieve herself. *Id.* Williams alleges she was also subjected to numerous physical assaults, and verbal abuse because of her race. *Id.*

Additionally, plaintiff alleges that Magnolia violated the Family Medical Leave Act ("FMLA") when it required her to return to work during her designated FMLA leave period. *Id.* According to Williams, she followed all policies and protocols established by Magnolia to be entitled to FMLA leave. *Id.* Plaintiff also presents that her unpaid leave was set to commence on March 20, 2021 and cease on April 30, 2021. Rec. Doc. 26. Nonetheless, defendant allegedly interfered with plaintiff's designated leave time and forced her to return to work on April 16, 2021. *Id.* Defendant then allegedly preceded to terminate her employment on that date. *Id.*

Williams alleges she reported her co-worker's behavior to defendant along with her oppositions to defendant's discriminatory practices, but Magnolia ignored her; and instead, choose to retaliate against her by terminating her employment. *Id.* Plaintiff filed charges with the Equal Employment Opportunity Commission

3

("EEOC") and received her right to sue letter on August 11, 2021. *Id.*

On or about November 22, 2021, plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson, alleging both state and federal causes of action. Rec. Doc. 1. On November 30, 2021, Magnolia filed a notice of removal, asserting this Court has federal question jurisdiction because plaintiff asserted claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 1981, and the FMLA. *Id.*

On December 28, 2021, defendant filed the instant motion to dismiss plaintiff's complaint. Rec. Doc. 9. Subsequently, plaintiff filed an unopposed motion requesting an extension of time to file her response to defendant's motion. Rec. Doc. 13. The Court granted her motion, extending plaintiff's deadline to file a responsive pleading to February 3, 2022. Rec. Doc. 15. Plaintiff did not file an opposition by the previously mentioned deadline. Instead, on February 7, 2022, plaintiff filed an Amended Complaint realleging several assertions from her original complaint. Rec. Doc. 20. On February 21, 2022, defendant filed a motion to dismiss plaintiff's Amended Complaint, raising the same arguments from its previously filed motion to dismiss. Rec. Doc. 21.

On March 29, 2022, the Court received oral argument on defendant Magnolia community Services, Inc.'s motions to dismiss

4

(Rec. Docs. 9, 21). *See* Rec. Doc. 25. After consideration of the parties' arguments, and for orally assigned reasons, the motions were taken under advisement. *Id.* Plaintiff was instructed to file a second amended and supplemental complaint, articulating in very specific terms her factual allegations. *Id.* On April 19, 2022, plaintiff filed the requisite second amending and supplemental complaint. Rec. Doc. 26. Defendant was also instructed to provide supplemental briefing after receiving plaintiff's newly filed complaint. Rec. Doc. 25. On May 26, 2022, the defendant filed its reply in support of dismissal. Rec. Doc. 29.

## II. LAW AND ANALYSIS

### A. 12(b)(6) Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint "must contain enough facts to state a claim to relief that is plausible on its face." *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotes omitted)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

However, the Court is not bound to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). *A fortiori*, a complaint may be dismissed when it appears "beyond a doubt that plaintiff can prove no set of facts" that would entitle him to prevail. *Twombly*, 550 U.S. at 560–61, 127 S.Ct. 1955; *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, 178 F. Supp. 3d 390, 399 (E.D. La. 2016). However, the Fifth Circuit has stated that motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are "viewed with disfavor and [are]...rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).

B. **Defendant's Motion to Dismiss is Applicable to Plaintiff's Amended Complaint**

In discerning whether a motion to dismiss is applicable to an amended complaint, the question is whether the amended complaint is so different from the original complaint as to make the motion to dismiss moot. *See In re R.E. Loans, L.L.C.*, 553 Fed. App'x 453, 456 (5th Cir.2014); *Cousin v. St. Tammany Par. Jail*, No. CIV.A. 14-1514, 2015 WL 5017113 (E.D. La. Aug. 19, 2015). A motion to dismiss need not be denied as moot when it attacks the original complaint for deficiencies that persist in the amended complaint.

6

Williams' Second Amended Complaint is not so far removed from her initial complaint as to prevent the court from applying Defendant's first motion to dismiss to the present complaint. First, plaintiff's second amended complaint does not raise any new causes of action; instead, she merely reasserts may of the same allegations and claims she raised in her initial complaint. Second, defendant contends in its supplemental memorandum that the deficiencies previously raised in its motion to dismiss persist in plaintiff's second amended complaint. Accordingly, the Court will apply the arguments raised by defendant's motion and supplemental memorandum to the plaintiff's second amended complaint. *Rountree v. Dyson*, 892 F.3d 681, 683-84 (5th Cir. 2018) (The court may consider a motion to dismiss "as being addressed to the amended pleading"); *Greene v. DeMoss*, No. 3:20-CV-00578, 2020 WL 7755690 (W.D. La. Dec. 11, 2020), *report and recommendation adopted*, No. 3:20-CV-00578, 2020 WL 7755655 (W.D. La. Dec. 29, 2020) (applying defendants' motions to dismiss to plaintiff's amended complaint.)

**C. Whether Plaintiff's Claims Should be Dismissed**

In Magnolia's supplemental briefing, it admitted that plaintiff has "likely alleged sufficient facts to state a claim for retaliatory discharge under Title VII and Section 1981, as well as a claim for interference under the FMLA." Rec. Doc. 29 at p. 3. Because this Court agrees with the defendant's assessment, we will focus on the plaintiff's remaining claims still in dispute.

7

i. **Disparate treatment in violation of Title VII**

Title VII creates a federal cause of action for two largely separate theories of discrimination: (1) disparate treatment; and (2) disparate impact. *Pacheco v. Mineta,* 448 F.3d 783, 787 (5th Cir. 2006). Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin. *Id.* For purposes of surviving a Rule 12(b)(6) motion, there are two ultimate elements the plaintiff must plead to support her disparate treatment claims: (1) an adverse employment action; and (2) that it was taken against plaintiff "because of her protected status." *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013); *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) ("there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an 'adverse employment action,' (2) taken against a plaintiff "because of her protected status.")

"In such disparate-treatment cases, proof and finding of discriminatory motive is required." *Cicalese v. University of Texas Medical Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006)). A plaintiff can prove discriminatory motive through either direct or circumstantial evidence. *Id.* (citing *Portis v. First Nat'l Bank of New Albany, Miss.*, 34 F.3d 325, 328 (5th Cir. 1994)). When a

8

plaintiff builds a case on circumstantial evidence, a court analyzes the plaintiff's claim under the *McDonnell Douglas* framework. *See Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). "Under this framework, the plaintiff must first create a presumption of discrimination by making out a *prima facie* case of discrimination." *Id.* "The plaintiff must establish a *prima facie* case that the defendant made an employment decision that was motivated by a protected factor. A plaintiff can establish a prima facie claim by showing that:

> (1) [s]he is a member of a protected class, (2) [s]he was qualified for the position at issue, (3) [s]he was the subject of an adverse employment action, and (4) [s]he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir.2009) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993)).

Once established, the defendant bears the burden of producing evidence that its employment decision was based on a legitimate nondiscriminatory reason. *Keller v. DeJoy*, No. CV 19-13191, 2022 WL 93577, *7 (E.D. La. Jan. 10, 2022) (quoting *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1089 (5th Cir. 1995)). The burden then

9

shifts back to the plaintiff to prove that the defendant's proffered reasons were a pretext for discrimination. *Id.*

Williams has alleged sufficient facts to support her disparate treatment claim. She satisfied the first element of her claim when she asserted that Magnolia constructively terminated her employment. Rec. Doc. 26. Additionally, she provided sufficient factual allegations for this Court to infer that Magnolia's termination of her employment was done "because of her protected status." Plaintiff was required to plead facts sufficient to establish discriminatory motive on the part of Magnolia, and she satisfied that requirement when she pled the necessary facts under the *McDonnell Douglas* framework. Williams alleged that she suffered disparate treatment from Magnolia based on her status as a member of a protected class, an African American. Rec. Doc. 26. Plaintiff also alleged that she was qualified for her job when she stated that she maintained impeccable "credentials and work history." *Id.*

Lastly, plaintiff asserted that on several occasions she was treated less favorably that other similarly situated non-protected employees. *See id.* For example, Williams alleged she suffered disparate treatment at the hands of defendant's employees Ricky Hebert, Donna Lowey, and Jennifer Hebert. Rec. Doc. 26 at p. 2. She asserted that she was not allowed to take breaks or use the restroom facilities like similarly situated employees who were not

10

members of her protected class. *Id.* at p. 4. Plaintiff further claimed that she was highly scrutinized on a regular basis because of her race, unlike her similarly situated co-workers. *Id.* Because plaintiff adequately pled all the elements required for her disparate treatment claim based on these facts, this claim must be maintained.

### ii. Hostile work environment in violation of Title VII and Section 1981

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under Title VII, plaintiff must prove the following five elements in order to establish a *prima facie* case for a hostile work environment based on racial harassment or discrimination: "(1) the employee belongs to a protected group; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term[,] condition or policy of employment; [and] (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Dimiceli v. Univ. Healthcare Sys., L.C.*, No. CIV.A. 09-7344, 2011 WL 1671332 (E.D. La. May 3, 2011); *Young v.*

*Delta Towing, L.L.C.*, No. CIV.A. 03-518, 2004 WL 439896 (E.D. La. Mar. 8, 2004).

Additionally, plaintiff must demonstrate that the alleged harassment was severe or pervasive. *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 482 (5th Cir. 2002). Plaintiff must show that the environment was both "objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Calmes v. JPMorgan Chase Bank*, 943 F. Supp. 2d 666 (E.D. La. 2013), *see also Butler v. Ysleta Indep. Sch. Dist.*, 161 F.3d 263, 269 (5th Cir.1998)). To determine whether an environment is sufficiently hostile or abusive, courts must look at "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Calmes*, 943 F. Supp. 2d at 680. "Occasional racial comments do not rise to the level of severe or pervasive harassment." Numa v. Cannizzaro, No. CIV.A. 13-515, 2014 WL 1329829, at *6 (E.D. La. Mar. 31, 2014) (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986)).

Here, Magnolia challenges plaintiff's ability to satisfy any element of her hostile work environment claim. Rec. Doc. 29. Specifically, defendant argues that plaintiff's claims are conclusory, and she failed to establish that she was subjected to

12

severe and pervasive harassment. *Id.* Magnolia also contends that plaintiff alleged she was subjected to verbal abuse and derogatory racial slurs, but she did not allege which of her working conditions were impacted. *Id.* By contrast, plaintiff alleges that she suffered a hostile work environment because she was called racial slurs at work and was not allowed to use the restroom facilities. Rec. Doc. 26. Each allegation will be taken in turn.

**Derogatory Racial Slurs**

Plaintiff's claim based on alleged derogatory racial slurs must be maintained because she pled all the required elements. Plaintiff satisfied the first three elements when she pled that she is an African American, she was subjected to unwelcome harassment in the form of racial slurs (the "n-word"), and the harassment she suffered was due to her race. Rec. Doc. 26. Additionally, taking the complaint in its entirety, plaintiff has satisfied the fourth element given she asserted that the employment practices at Magnolia "disproportionately impacted her ability to succeed as an employee." *Id.* Williams also satisfied the fifth and final element of her claim when she alleged that she informed Magnolia of her co-workers' frequent harassing conduct, and Magnolia allegedly failed to act. *Id.* Therefore, plaintiff has successfully alleged a claim for hostile work environment based on these facts, and this claim must be maintained.

**Banned from Utilizing Restroom or Taking breaks**

Plaintiff's hostile work environment claim based on Magnolia's alleged denial of access to restrooms and breaks must be maintained. Plaintiff satisfied the first three elements when she pled that she is an African American, she was denied access to restrooms and denied break time, and that this conduct was because of her race. Rec. Doc. 26. Additionally, Magnolia's alleged conduct of not allowing Williams to use the restroom at work because of her race is objectively and subjectively offensive, which satisfies the fourth element. *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir.1999) (stating the challenged conduct must be both objectively and subjectively offensive.) The defendant's alleged actions also clearly impacted a condition of plaintiff's employment given her claims that she was humiliated by being forced to use the restroom on herself. Rec. Doc. 26 at p.3.

Additionally, Williams' employment conditions were impacted because she was allegedly prohibited from taking legally mandated breaks like similarly situated Caucasian employees. *Id.* at p. 4. Plaintiff also properly pled the last element of her claim when she stated that she reported these discriminatory practices to Magnolia, and instead of rectifying the issue, Magnolia allegedly ignored her and terminated her employment. *Id.* Because plaintiff adequately pled all the elements required for her hostile work

14

environment claim based on these facts, this claim must be maintained.

### iii. Wrongful termination in violation of Title VII, Section 1981, and the LEDL

In a Title VII discriminatory termination case, plaintiff has the initial burden of establishing a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In order to meet this initial burden, plaintiff must demonstrate: (1) that she was a member of a protected class; (2) that she was qualified for the position in question; (3) that she was discharged from that position; and (4) that she was either replaced by someone outside the protected class or otherwise discharged because of the protected trait. *See McDonnell Douglas Corp.*, 411 U.S. at 802; *Cooper v. Cornerstone Chem. Co.*, No. CV 20-1454, 2022 WL 19354 (E.D. La. Jan. 3, 2022) (stating Louisiana courts apply the same *McDonnell Douglas* burden-shifting framework when analyzing claims of discrimination under the LEDL); *Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955, 957 (5th Cir.1993).

Once the plaintiff has set forth a *prima facie* case of discrimination, the burden shifts to the employer to produce a legitimate, nondiscriminatory reason for its employment action. *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th Cir.1994). "This burden is one of production, not persuasion; it 'can involve

15

no credibility assessment.'" *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000) (quoting *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)).

In *Berry v. Texas Woman's Univ.*, plaintiff Berry, a black employee at defendant University, sued alleging among other things that defendant violated Title VII when it wrongfully terminated his employment. 528 F. Supp. 3d 579 (E.D. Tex. 2021). Subsequently, defendant filed a motion to dismiss plaintiff's claim, arguing that Berry failed to properly plead his cause of action. *Id.* at 588. Defendant contended that Berry did not properly plead the fourth element of his claim, that he was replaced by someone outside of his protected class. *Id.* at 612-13. The Eastern District of Texas court began its analysis by articulating the four-prong test plaintiff was required to establish for his *prima facie* case. *Id.* In essence, plaintiff was required to demonstrate that he "(1) [was] a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *Id.* (quoting *Willis v. Cleco Corp.*, 749 F.3d 314, 320 (5th Cir. 2014)).

After review, the Court ruled to deny defendant's motion to dismiss, finding Berry pled sufficient facts to give rise to a reasonable inference that he was treated less favorably than similarly situated white employees. *Berry*, 528 F. Supp. 3d at 612-13. The Court noted that although plaintiff did not allege that he was replaced by someone outside his protected group, he did however allege that he was treated less favorably. *Id.* In his complaint, plaintiff alleged he was "terminated solely because of the discriminatory actions of Defendants in treating him differently from other non-Black co-workers, because of the ethnic animus manifested by [defendant's employee] on several prior occasions and in retaliation for prosecuting Title VII and FMLA claims." *Id.* Plaintiff further alleged that he was treated "differently from other non-Black co-workers" because "[n]o other similarly situated employees within the facility were required to comply with the Central Plant Vacation Leave Policy, made to fill out separate blue slips for each day of requested leave or find their own fill-in replacements when taking leave." *Id.* Taking plaintiff's well-pleaded allegations in the light most favorable to him, the Court held plaintiff plausibly alleged that similarly situated employees outside [his] protected class were treated more favorably. *Id.*

Williams' wrongful termination claim must also be maintained. Plaintiff satisfied the first prong when she alleged that she was a member of multiple protected classes, an African American and a

17

woman. Likewise, she properly alleged that she suffered an adverse employment action when she stated that Magnolia allegedly constructively terminated her employment. Rec. Doc. 26. Williams also alleged that she was qualified when she asserted that her "credentials and work history were impeccable." Rec. Doc. 26 at p. 3. Plaintiff also put forth any facts that she was treated less favorably than persons outside of her protected class. She asserts that she was treated less favorably than similarly situated Caucasian employees, when she was denied breaks, denied access to restrooms, and subject to the frequent use of the "n-word." *See* Rec. Doc. 26. Like the plaintiff in *Berry*, who provided specific instances of how similarly situated white employees were treated more favorably, Williams also provided such information. Because plaintiff has adequately alleged all the elements of her *prima facie* case, her wrongful termination claim is maintained.

New Orleans, Louisiana this 12th day of July, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE