UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ANGELA WILLIAMS**                                     **CIVIL ACTION**

**VERSUS**                                              **NO. 21-2200**

**MAGNOLIA COMMUNITY**                                  **SECTION "B"(5)**
**SERVICES INC., ET AL.**

ORDER AND REASONS

Before the Court is plaintiff's motion to continue trial date and reset scheduling order deadlines (Rec. Doc. 49) and defendants' opposition (Rec. Doc. 53). For the following reasons,

**IT IS ORDERED** that the motion (Rec. Doc. 49) is **DENIED**.

I.  FACTS AND PROCEDURAL HISTORY

The above-captioned case was first removed to this Court on November 30, 2021. Rec. Doc. 1. A scheduling conference was held on February 3, 2022, and a pre-trial conference was set for October 13, 2022, at 10:00 a.m., a jury trial was set for October 24, 2022, at 8:30 a.m., and all discovery was ordered to be completed by September 13, 2022. Rec. Doc. 16. At the time of the scheduling conference, counsel of record was Leo Caillier, III, and Christopher Carbine. *Id.* at 1; *see* Rec. Doc. 13 at 2. On June 30, 2022, plaintiff filed an *ex parte* motion to substitute counsel, withdrawing Christopher Carbine, and enrolling Willard J. Brown, Sr., as counsel of record. Rec. Doc. 30 at 1. This Court granted the motion to substitute on July 1, 2022, and it was subsequently entered into the record on July 5, 2022. Rec. Doc. 31. Leo

1

Caillier, III, remained on as counsel of record as well. Rec. Doc. 49-1 at 1.

On July 5, 2022, defendants served plaintiff with "Defendants' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Plaintiff, Angela Williams." Rec. Doc. 33-1 at 1; Rec. Doc. 33-2 at 13. At plaintiff's deposition on July 22, 2022, Mr. Brown informed defendants' counsel that their responses would be timely. Rec. Doc. 53 at 2. Plaintiff's responses were due on August 4, 2022, but plaintiff failed to provide such responses. Rec. Doc. 33-1 at 1. Defendants permitted a brief extension, and plaintiff provided "Plaintiff's Answer to Magnolia's Request for Admission," on August 9, 2022, but did not provide responses to "Magnolia's Interrogatories or Requests for Production of Documents." *Id.* at 2. On August 11, 2022, defendant filed a motion to compel discovery from plaintiff as to the interrogatories and requests for production of document, which was granted on August 31, 2022, and provided plaintiff with ten days to comply with discovery. Rec. Doc. 33.

On August 16, 2022, defendants filed a motion for summary judgment, set for submission on August 31, 2022. Rec. Doc. 34. Plaintiff filed a motion for extension of time to file an opposition to the motion for summary judgment, however, this motion was marked deficient. Rec. Doc. 36. On September 9, 2022, plaintiff

filed a motion for extension to file a response to defendants' motion for summary judgment, but this was also marked deficient by the Court. Rec. Doc. 38. Then on September 13, 2021, plaintiff filed a motion to withdraw Leo Caillier, III, as counsel of record. Rec. Doc. 39. The motion to withdraw was granted on September 21, 2022, leaving Willard J. Brown as the only remaining counsel of record for plaintiff. *See* Rec. Doc. 41. Nearly a month after the submission date for defendants' motion for summary judgment, plaintiff filed a motion for leave to file opposition to summary judgment. Rec. Doc. 44.

Defendants responded to plaintiff's motion for leave to file opposition to summary judgment (Rec. Doc. 46) and this Court granted plaintiff's motion (Rec. Doc. 47), and allowed defendants to submit a reply memorandum in support of their motion for summary judgment. Plaintiff's opposition was entered into the record on September 28, 2022 (Rec. Doc. 48), and defendant's reply was filed on October 4, 2022 (Rec. Doc. 55). After the discovery deadline of September 13, 2022, had passed, Mr. Brown contacted defense counsel to inquire about pending discovery owed to plaintiff filed by previous plaintiff counsel, but defense counsel informed Mr. Brown that no discovery was pending, and no discovery had been conducted by any previous plaintiff counsel. *See* Rec. Doc. 49-1 at 2; Rec. Doc. 53 at 3.

II.   **LAW AND ANALYSIS**

Fed. R. Civ. P. 16(b)(4) states, "[a scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Fifth Circuit has held, "[t]he good cause standard requires the party seeking relief to show that the deadlines cannot reasonable be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003); *see also Leone v. Gen. Motors LLC*, No. 16-cv-6830, 2017 WL 3098169, at *1 (E.D. La. July 21, 2017) (Lemelle, J.) (quoting *S&W Enters., L.L.C.*, 315 F.3d at 535). The Court uses four factors to determine if there is good cause under Rule 16: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotations omitted) (quoting *Meaux Surface Prot., Inc. v. Folgeman*, 607 F.3d 161, 167 (5th Cir. 2010)).

Here, plaintiff cannot show that the deadlines could not have reasonably been met despite plaintiff's due diligence. Mr. Brown was enrolled in the above-captioned matter on July 1, 2022 (Rec. Doc. 31), and he, along with his co-counsel, have, on several instances, failed to meet deadlines and required extensions by this Court. Mr. Brown has been counsel for plaintiff since the

beginning of July and discovery was not due until September 13, 2022, and it was not until after this date that Mr. Brown inquired as to the state of discovery for his client. *See* Rec. Doc. 49-1 at 2; Rec. Doc. 53 at 3. Upon finding no discovery had been conducted the instant motion was filed. All deadlines were available to counsel at the time he was enrolled in the matter and counsel waited until all such deadlines had passed before making an inquiry as to the state of discovery. The Fifth Circuit is clear that good cause requires that the requesting party show that the deadlines cannot be met *despite* the requesting party's diligence, and plaintiff's counsel has not demonstrated such due diligence. *See S&W Enters., L.L.C.*, 315 F.3d at 535.

In addressing the first factor of good cause under Rule 16, plaintiff argues that "she relied on her previous counsel to timely file and take appropriate actions as directed by this Honorable Court," and adds that "previous counsels disagreements failed to comply with this court's scheduling order at the prejudice of the plaintiff." Rec. Doc. 49-1 at 3. However, Mr. Brown was counsel of record well before the discovery deadlines and should have appraised himself to the status of this case. Mr. Brown was present at plaintiff's deposition and was aware of defendants' pending discovery in July, yet, at that time, made no inquiry as to the status of plaintiff's discovery. *See* Rec. Doc. 53 at 2. Plaintiff

5

presents no evidence as to why she was incapable of adhering to the discovery deadline.

Factor two looks to the importance of the modification. *See Squyres*, 782 F.3d at 237. Allowing a continuance of trial and resetting scheduling order deadlines could allow plaintiff to conduct discovery and prepare for trial, as well as continue settlement discussion. *See* Rec. Doc. 49-1 at 3. However, plaintiff has had ample time to conduct discovery and has made no attempt to do so before the discovery deadline.

Factor three considers the potential prejudice in allowing the continuance. *See Squyres*, 782 F.3d at 237. Defendants point out that trial is scheduled for October 24, 2022, less than a month away, and in *Tabor v. Cox Operating, L.L.C.*, No. 19-cv-11859, 2022 WL 1120074, at *2 (E.D. La. Apr. 14, 2022), this Court held that a late-stage trial continuance may create prejudice. *Tabor v. Cox Operating, L.L.C.*, No. 19-cv-11859, 2022 WL 1120074, at *2 (E.D. La. Apr. 14, 2022) (Lemelle, J.) (citing *Batiste v. Lewis*, 976 F.3d 493, 501 (5th Cir. 2020) (internal quotations omitted) ("finding plaintiff did not show good cause for changing a scheduling order when doing so would have disrupted the trial date, which was less than a month away")). Here, trial is less than a month away, continuing trial would prejudice defendants, who have made an effort to comply with the scheduling order deadlines. Plaintiffs on the other hand, have requested extensions, failed to

submit discovery responses necessitating an order to compel, and through plaintiff's own oversight, failed to conduct her own discovery before the deadline.

Finally, factor four considers "the availability of a continuance to cure such prejudice." *Squyres*, 782 F.3d at 237. Here, any such continuance may further prejudice defendants with trial being less than a month away. *See Tabor*, 2022 WL 1120074, at *2. The above factors weigh in favor of denying a continuance.

New Orleans, Louisiana this 6th day of October, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE